IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK GLENN WILBERT, § | | |
| TDCJ-CID NO. 934364 § | | |
|     Petitioner, § | | |
| § | | |
| V. § | C.A. NO. C-05-505 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutional Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

For the reasons stated herein, it is respectfully recommended that the Court dismiss petitioners's writ of habeas corpus without prejudice.

## I. BACKGROUND

On October 5, 2005, Texas state prisoner Frederick Glenn Wilbert filed a "Motion To Petition The Court For Second/Subsequent 28 U.S.C. § 2254 Habeas Petition." (D.E. 1). Mr. Wilbert then filed a motion to proceed *in forma pauperis,* (D.E. 5), which was granted on October 21, 2005. (D.E. 6). In his petition, Mr. Wilbert indicated that this petition is his second application for habeas relief filed in connection to his conviction for capital murder in 2000. (D.E. 1). He seems to be arguing that due to medications he was taking at the time of his first habeas petition, and his low I.Q. that he was unable to understand the legal significance of the

relevant facts or legal procedures.  Id.

## II.  DISCUSSION

Federal habeas corpus review on a second or successive habeas application is extremely limited.  A claim for habeas relief that was not submitted in the prior application must be dismissed unless the petitioner can show the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty."  28 U.S.C. § 2244(b)(2).

However, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is riled in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A three-judge panel of the appropriate court of appeals may authorize the second or successive appeal upon the finding that the petitioner has made a prima facie showing that the application meets the requirements of § 2244.  28 U.S.C. § 2244(b)(3).

Mr. Wilbert erroneously states in his petition that a "[p]etitioner must seek

Second or Successive 28 U.S.C. § 2254 Habeas Petition authorization from the United States District Court." (D.E. 1, at 2).  Mr. Wilbert did not indicate, in his petition, that he has sought authorization from the Fifth Circuit Court of Appeals to file this successive petition for habeas relief.  Therefore, pursuant to the statutory provisions governing habeas review, this Court may not review the merits of his claims.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss Mr. Wilbert's petition for habeas relief without prejudice.

Respectfully submitted this 31st day of October 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2554 Cases; and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).